NOTICE

Decision filed 07/21/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250463-U

NO. 5-25-0463

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 17-CF-34 |
| | ) | |
| JOHN WELLS, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Barberis and Sholar concurred in the judgment.

ORDER

¶ 1    *Held*: Where there was no error in the trial court's dismissal of the defendant's petition for relief from a void judgment, and any argument to the contrary would lack arguable merit, this court grants the defendant's appointed appellate counsel leave to withdraw and affirms the judgment of the trial court.

¶ 2    The defendant, John Wells, was found guilty of first degree murder and was sentenced to imprisonment for a term of 70 years. On direct appeal, this court affirmed his conviction and sentence. He now appeals from the trial court's dismissal of his petition for relief from a void judgment. His appointed attorney in this appeal, the Office of the State Appellate Defender (OSAD), has concluded that the appeal lacks arguable merit. Accordingly, OSAD has filed with this court a motion for leave to withdraw as counsel (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)), along with a supporting memorandum of law. OSAD gave proper notice of its *Finley*

1

motion to the defendant, and this court gave him time to respond, but he has not filed a response. Having examined OSAD's *Finley* motion, the accompanying legal memorandum, and the entire record on appeal, this court agrees with OSAD's assessment of this appeal. This court grants OSAD leave to withdraw as counsel and affirms the judgment of the trial court.

¶ 3                                    I. BACKGROUND

¶ 4       The pretrial procedural history of this case is complex, and the jury trial, conducted over several days, featured numerous witnesses and exhibits. This court provided a summary of that history and of the trial in its decision in the defendant's direct appeal. Here, suffice to say that on March 2, 2018, the jury found the defendant guilty of first degree murder (720 ILCS 5/9-1(a) (West 2016)) and found that he had personally discharged a firearm that proximately caused death. The murder victim was Deandray Jackson, and the date of the murder was January 20, 2017. On September 10, 2018, the trial court sentenced the defendant for first degree murder to imprisonment for 45 years (see 730 ILCS 5/5-4.5-20 (West 2016)), plus a mandatory 25-year firearm enhancement (*id*. § 5-8-1(a)(1)(d)(iii)), bringing the defendant's total prison sentence to 70 years. Under the truth-in-sentencing law applicable to first degree murder (*id*. § 3-6-3(a)(2)(i)), the defendant was to receive no sentence credit and was to serve 100% of his sentence.

¶ 5       In the direct appeal, the defendant argued that (1) the trial court deprived him of a fair trial by barring evidence, which prevented him from presenting a complete defense; (2) defense counsel's errors deprived him of the effective assistance of counsel at trial and at sentencing; and (3) his 70-year prison sentence violated the proportionate-penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). This court rejected each of those arguments and affirmed the judgment of conviction and sentence. *People v. Wells*, 2022 IL App (5th) 180438-U.

¶ 6    On August 20, 2024, the defendant filed a *pro se* petition for relief from a void judgment under section 2-1401(f) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401(f) (West 2022)). According to the defendant, his conviction for first degree murder was void because the legislation that created that offense, Public Act 84-1450 (eff. July 1, 1987), had been "ruled unconstitutional in violation of the '*ex post facto* clause' of the Illinois Constitution" by our Supreme Court in *People v. Shumpert*, 126 Ill. 2d 344 (1989). See Ill. Const. 1970, art. I, § 16 ("No *ex post facto* law *** shall be passed."). Also, according to the defendant, his 70-year prison sentence was void because our supreme court had held in *People v. Reedy*, 186 Ill. 2d 1 (1999), that the truth-in-sentencing law was "unconstitutional, invalid, and void" due to its being enacted in violation of the Illinois Constitution's single-subject clause (Ill. Const. 1970, art. IV, § 8(d)).

¶ 7    On September 19, 2024, the State filed a motion to dismiss the defendant's section 2-1401(f) petition for relief from a void judgment. The State's grounds for dismissal were as follows: (1) the defendant's petition was untimely; (2) our supreme court's decision in *Shumpert*, 126 Ill. 2d 344 (1989), had not held that Public Act 84-1450 (eff. July 1, 1987) was unconstitutional as violative of the *ex post facto* clause of the Illinois Constitution (see Ill. Const. 1970, art. I, § 16), but instead *Shumpert* had merely held that the new statute defining second degree murder needed to be applied prospectively from July 1, 1987, in order to avoid an *ex post facto* violation; and (3) the state legislature had already cured, through the enactment of Public Act 90-592, the single-subject defect in the truth-in-sentencing legislation that had been identified in *Reedy*, 186 Ill. 2d 1 (1999).

¶ 8    On May 8, 2025, the trial court held a hearing on the State's motion to dismiss. The State and the defendant *pro se* presented arguments only, and the court took the matter under

advisement. On May 12, 2025, the trial court entered an order that granted the State's motion to dismiss.

¶ 9    The defendant perfected an appeal. The trial court appointed OSAD to represent him on appeal.

¶ 10                                II. ANALYSIS

¶ 11    This appeal is from the trial court's dismissal of the defendant's section 2-1401(f) petition for relief from a void judgment. Where a section 2-1401 petition raises a purely legal challenge to a final judgment, and the petition is dismissed on the pleadings, this court applies *de novo* review. *People v. Vincent*, 226 Ill. 2d 1, 5, 14 (2007). As previously mentioned, OSAD has concluded that the instant appeal lacks merit and has filed a *Finley* motion to withdraw as counsel. This court agrees with OSAD's assessment of the appeal.

¶ 12    Section 2-1401 of the Code constitutes a comprehensive statutory procedure authorizing a trial court to vacate or modify a final order or judgment in civil or criminal proceedings. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. Ordinarily, a petition seeking relief under section 2-1401 must be filed more than 30 days from entry of the final order or judgment but not more than 2 years after that entry. 735 ILCS 5/2-1401(a), (c) (West 2022).

¶ 13    In the instant case, the final judgment was entered on September 10, 2018, the date the defendant was sentenced. The defendant filed his section 2-1401 petition for relief from judgment on August 20, 2024. Clearly, the defendant did not file his petition within two years after the judgment was entered.

¶ 14    A criminal defendant may seek relief beyond the two-year limitations period where he challenges an order or a judgment as void. *Id.* § 2-1401(f). See *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002). A judgment is void if (1) the court that entered the judgment

4

lacked personal or subject matter jurisdiction (see *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 38) or (2) the judgment was based on a statute that is "facially unconstitutional, *i.e.*, unconstitutional in all its applications," and the statute therefore is said to be void *ab initio* (*People v. Blair*, 2013 IL 114122, ¶ 28). Voidness challenges may be raised at any time. *People v. Thompson*, 2015 IL 118151, ¶ 32.

¶ 15 Here, the defendant, in his petition, claimed that the judgment of conviction and sentence was based on statutes that were void *ab initio*. First, the defendant claimed that he was convicted of first degree murder under a statute that had been ruled unconstitutional, as violative of the *ex post facto* clause, by our supreme court in *Shumpert*.

¶ 16 The offense of first degree murder was created through the General Assembly's passing Public Act 84-1450 (eff. July 1, 1987). This legislation replaced the offense of murder with the offense of first degree murder, and it replaced the offense of voluntary manslaughter with the offense of second degree murder. *Shumpert*, 126 Ill. 2d at 348. The "sole issue" on appeal in *Shumpert* was the date that Public Act 84-1450 became effective, *i.e.*, whether it became effective on July 1, 1987, or on January 5, 1987. *Id.* Our supreme court decided that Public Act 84-1450 became effective on July 1, 1987. *Id.* at 355. The court in *Shumpert* certainly did not hold that Public Act 84-1450 was unconstitutional or void. The statute that proscribes first degree murder— section 9-1(a) of the Criminal Code of 2012 (720 ILCS 5/9-1(a) (West 2024))—was valid and effective on July 1, 1987. The first degree-murder statute has remained valid and effective ever since that date, including on January 20, 2017, the date the defendant committed first degree murder against Deandray Jackson. The judgment of conviction and sentence, entered on September 10, 2018, was not void due to a violation of the Illinois Constitution's *ex post facto* clause.

¶ 17　Second, the defendant claimed that the judgment was void because he was required to serve 100% of his prison sentence under the truth-in-sentencing law, where that law had been passed in violation of the Illinois Constitution's single-subject clause. See Ill. Const. 1970, art. IV, § 8(d). The truth-in-sentencing law was purportedly enacted through Public Act 89-404 (eff. Aug. 20, 1995), but in *Reedy*, 186 Ill. 2d 1 (1999), our supreme court held that Public Act 89-404 violated the single-subject rule of the Illinois Constitution and was, therefore, "unconstitutional in its entirety." *Reedy*, 186 Ill. 2d at 11-12. However, as the court in *Reedy* recognized, Public Act 90-592 (eff. June 19, 1998) had already recodified the truth-in-sentencing law in its entirety, thus curing the effect that Public Act 89-404's invalidation had on the truth-in-sentencing law. *Reedy*, 186 Ill. 2d at 17. Thus, the truth-in-sentencing law has been valid and effective ever since June 19, 1998, more than 18 years before the defendant's first degree murder of Deandray Jackson. Under the truth-in-sentencing law, a prisoner who is serving a term of imprisonment for first degree murder "shall receive no sentence credit and shall serve the entire sentence imposed by the court." 730 ILCS 5/3-6-3(a)(2)(i) (West 2016). The judgment is not void due to the defendant's having to serve 100% of his prison sentence.

¶ 18　Finally, this court notes that the trial court's dismissal of the section 2-1401 petition was procedurally proper. Once a section 2-1401 petition has been filed, the State has 30 days to file a response; the trial court may not rule on the petition before those 30 days have expired. *People v. Laugharn*, 233 Ill. 2d 318, 323-24 (2009). Here, the defendant filed his section 2-1401 petition on August 20, 2024, and the State filed its response, in the form of a motion to dismiss, on September 19, 2024. The parties then argued—in person, before the trial court—their respective positions on the motion to dismiss. After taking the matter under advisement, the court granted the State's motion to dismiss. Accordingly, the requirements of *Laugharn* were satisfied. There would be no

6

merit to any argument that the trial court made a procedural error in dismissing the defendant's petition.

¶ 19                                    III. CONCLUSION

¶ 20     In this case, the judgment of conviction and sentence was not void. Therefore, the trial court did not err in dismissing the defendant's section 2-1401 petition, which had wrongly challenged the judgment as void. No argument that the petition's dismissal was in error would have any merit. Accordingly, this court grants OSAD leave to withdraw as counsel and affirms the judgment of the trial court.


¶ 21     Motion granted; judgment affirmed.